IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUDY ROBBINS and REGINALD WESLEY ROBBINS,<br><br>Plaintiffs,<br><br>v.<br><br>FLIGHTSTAR, INC., *et al.*,<br><br>Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:09-CV-0735-CW<br><br>Judge Clark Waddoups |

This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[1] As such, the court must first consider whether it has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. The Tenth Circuit has explained that "when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal."[2] The court concludes that Plaintiffs' complaint is deficient in establishing or alleging the citizenships of Plaintiffs, and both the substantive John Does and Roe Corporations.[3]

First, "[u]nder the diversity jurisdiction statute, the federal courts have original jurisdiction to decide a plaintiff's state-law lawsuit if the dispute is between . . . citizens of different States. A party's "citizenship" for purposes of federal jurisdiction is determined by looking to the person's

---

[1] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998).
[2] *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations omitted).
[3] *See Van de Grift v. Higgins*, No. 2:10-cv-1057 (D. Utah Nov. 3, 2010).

domicile. Domicile, in turn, is determined by finding the last place where a person resided with an intention of remaining there indefinitely."[4]  Simply asserting residence is insufficient.

Second, Plaintiffs failed to make a good-faith allegation as to the citizenship of the substantive "John Doe" and "Roe Corporation" Defendants.[5] Because nothing of citizenship is asserted, diversity is not established.

Plaintiffs are hereby ordered to show cause at the hearing set for Tuesday, December 14, 2010 why their complaint should not be dismissed for lack of diversity. Alternatively, Plaintiffs may amend their complaint, move to dismiss the Doe and Roe Defendants, or voluntarily withdraw their action from the federal docket.

DATED this 9th day of December, 2010.

BY THE COURT:

Clark Waddoups
United States District Court Judge

---

[4] *Hassan v. Allen*, No. 97-4005, 1998 U.S. App. LEXIS 13583, at *16-17 (10th Cir. June 24, 1998) (citations omitted).
[5] *See Van de Grift v. Higgins*, No. 2:10-cv-1057 (D. Utah Nov. 3, 2010).